1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7             NORTHERN DISTRICT OF CALIFORNIA
8
9    RYAN T. MOORE, AL1638,              Case No.  23-cv-02065-SK  (PR)

10              Plaintiff,

11       v.                             **ORDER OF DISMISSAL WITH LEAVE
                                        TO AMEND**
12    FLORES, Correctional Officer, et al.,

13              Defendant(s).

14          Plaintiff, a prisoner at San Quentin State Prison (SQSP), has filed a pro se complaint for

15   damages under 42 U.S.C. § 1983 alleging that, during a video visit with his attorney on July 22,

16   2022, Correctional Officer Flores listened to and monitored the legal conversation.  Plaintiff

17   further alleges that Sergeant Bermudez ignored plaintiff's complaint regarding Flores' actions and

18   that Lieutenant Demus and Warden Oak Smith and former warden Broomfiled "have mindfully

19   assisted in the cover-up of said misconduct by CO Flores." Compl. (ECF No. 1) at 3.

20                              **DISCUSSION**

21   A.    Standard of Review

22          Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

24   1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

25   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

26   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id.

27   § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901

28   F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

2  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3  violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S.

4  42, 48 (1988).

5  B.    <u>Legal Claims</u>

6    A prisoner's constitutional right of meaningful access to the courts includes an opportunity

7  to communicate privately with his counsel.  <u>See</u> <u>Ching v. Lewis</u>, 895 F.2d 608, 609-10 (9th Cir.

8  1990) (adopting holding and reasoning in <u>Dreher v. Sielaff</u>, 636 F.2d 1141, 1143 (7th Cir. 1980)).

9  But this right may be limited if prison officials can show that limitations are "reasonably related to

10  legitimate penological interests."  <u>Casey v. Lewis</u>, 4 F.3d 1516, 1520 (9th Cir. 1993).

11    Liberally construed, plaintiff's allegations that Flores listened to and monitored plaintiff's

12  legal conversation with his attorney arguably states a cognizable claim under § 1983 against Flores

13  for a possible violation of plaintiff's right of meaningful access to the courts.  But to state a

14  cognizable claim under § 1983 against the other named defendants – Bermudez, Demus, Smith

15  and Broomfield – for a similar possible violation under § 1983, plaintiff must allege specific facts

16  showing how each of the other named defendants actually and proximately caused the possible

17  violation of the constitutional right of which he complains.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628,

18  633-34 (9th Cir. 1988).  Plaintiff's conclusory allegations of a cover-up will not do.  <u>See</u> <u>id.</u> at

19  634.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show

20  that an individual was personally involved in the deprivation of his civil rights."  <u>Barren v.</u>

21  <u>Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

22                                        **CONCLUSION**

23    For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated

24  above, within 28 days of this order.  The pleading must be simple and concise and must include

25  the caption and civil case number used in this order and the words FIRST AMENDED

26  COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated

27  time will result in the dismissal of this action.

28    Plaintiff is advised that the amended complaint will supersede the original complaint and

all other pleadings.  Claims and defendants not included in the amended complaint will not be
considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

      **IT IS SO ORDERED**.

Dated: June 21, 2023



_____
SALLIE KIM
United States Magistrate Judge