UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RYAN T. MOORE, | Case No. 23-cv-02065-EKL |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| FLORES, | Re: Dkt. No. 28 |
| Defendant. | |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The sole claim in this case alleges that the defendant violated plaintiff's right to access the courts by eavesdropping on a video call between plaintiff and his appellate attorney. ECF No. 8 at 3-5. Defendant filed a motion for summary judgement (ECF No. 28) arguing that plaintiff's claim fails on the merits. Plaintiff filed an opposition (ECF No. 39) and defendant filed a reply (ECF No. 40). For the reasons set forth below, the motion is granted.

**I.     BACKGROUND**

The facts are undisputed unless otherwise noted. At the relevant time, plaintiff was housed at San Quentin Rehabilitation Center. ECF No. 8 at 2. Defendant Flores is a correctional officer who was employed at San Quentin Rehabilitation Center during the relevant time. Motion for Summary Judgment ("MSJ"), Flores Decl. ¶¶ 1, 2. Prior to this incident, plaintiff and defendant had never met or had any negative interactions. MSJ, Ex. A, Dep. at 30; Flores Decl. ¶ 5.

One of defendant's duties is to facilitate video calls between inmates and attorneys. *Id.* ¶ 2. Defendant would initiate the video call by using a computer link or call conference number that he and the attorney would receive via email. *Id.* ¶ 3. Once the attorney had joined the video call, defendant would connect the call to a video system located in a room where the inmate was

1    located. *Id*. Once the inmate and the attorney were connected, defendant would leave the video

2    call. *Id*. Defendant has facilitated hundreds of video calls using this system. *Id*. ¶ 4. Defendant

3    has no memory of the video call between plaintiff and his attorney. *Id*. ¶ 6.

4        On July 21, 2022, plaintiff had a scheduled confidential video call with his appellate

5    attorney, Michael Snedeker. ECF No. 8 at 5; MSJ, Ex. A, Dep. at 17, 22. Mr. Snedeker

6    represents plaintiff in his underlying criminal conviction, a capital case. MSJ, Ex. C. He has

7    represented plaintiff for many years prior to this incident and still represents him. *Id*. Ex. A, Dep.

8    at 22.

9        Plaintiff states that from the start of the video call he saw the name "Flores" on the video

10   call screen. *Id*. at 20. The name was on the screen for approximately 25 to 35 minutes until

11   plaintiff asked about Flores' identity. *Id*. After plaintiff asked about this person, Flores' name left

12   the screen. *Id*. Ex. B. Defendant disputes that he eavesdropped on any conversation. *Id*. Flores

13   Decl. ¶ 6.

14       Mr. Snedeker never saw the extra name on the video call and was unsure of how or where

15   plaintiff saw the name. *Id*. Ex. B. Mr. Snedeker recalls that prison staff initially had trouble

16   setting up the video call. *Id*. After plaintiff raised the issue, the video call continued. *Id*.

17       Plaintiff's case with Mr. Snedeker is an automatic appeal from plaintiff's sentence on

18   March 29, 2012. *People v. Moore (Ryan T.)*, No. S201205 (Cal. Sup. Ct. 2012).[1] Mr. Snedeker

19   requested 44 extensions to file the opening brief in the appeal. *Id*. Thirty-two extension requests

20   were made before this incident and twelve extension requests were submitted after this incident.

21   *Id*. An extension was requested on August 22, 2022, one month after the incident in this case.

22   MSJ, Ex. C. The extension request contained no reference to eavesdropping. *Id*. The opening

23   brief for the appeal was filed on September 12, 2024. *People v. Moore (Ryan T.)*, No. S201205

24   (Cal. Sup. Ct. 2012).

---

[1] The Court takes judicial notice of these court filings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record").

In the operative amended complaint, plaintiff did not allege that he suffered any legal injury. He only argued that he suffered mental trauma and a chilling effect on his communications with the attorney. ECF No. 8 at 5. In the opposition to summary judgment, plaintiff for the first time contends that the incident delayed completion of the opening brief for the appeal. ECF No. 39 at 5. Mr. Snedeker submitted a declaration stating that this incident delayed the filing of the opening brief and made it more difficult to represent plaintiff. *Id.*

## II.     LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

The Court may grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the Court will view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the Court will assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court's function on a summary judgment motion is not to make credibility determinations or

3

1    weigh conflicting evidence with respect to a disputed material fact.  *See T.W. Elec. Serv., Inc. v.*
2    *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

3    Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S.
4    343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any
5    violation of the right of access to the courts, the prisoner must prove that there was an inadequacy
6    in the prison's legal access program that caused him an actual injury.  *See Lewis*, 518 U.S. at 349-
7    51.  The right of access to the courts has been found to encompass the right to talk in person and
8    on the telephone with counsel in a private setting.  *See Ching v. Lewis*, 895 F.2d 608, 609-10 (9th
9    Cir. 1990) (noting that the "opportunity to communicate privately with an attorney is an important
10   part of that meaningful access" to the courts).

11   Once a prisoner identifies the inadequacy in the program, he must demonstrate that the
12   alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue
13   a legal claim.  *Lewis*, 518 U.S. at 351.  Examples of impermissible hindrances include: (1) a
14   prisoner whose complaint was dismissed for failure to satisfy some technical requirement which,
15   because of deficiencies in the prison's legal assistance facilities, he could not have known; and (2)
16   a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of
17   the court, but was so stymied by the inadequacies of the library that he was unable even to file a
18   complaint.  *Id*.  *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff
19   demonstrated that denying him law library access while on lockdown resulted in "actual injury"
20   because he was prevented from appealing his conviction).  *But cf. Jones v. Blanas*, 393 F.3d 918,
21   936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as
22   inability to file a complaint or defend against a charge, stemming from the restrictions on his
23   access to the law library").  Mere delay in filing papers would not be enough, for example, if they
24   were nevertheless timely filed.  *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982).

25   **III.    ANALYSIS**

26   Defendant first argues that plaintiff failed to assert a legal injury in his operative complaint
27   and should not be permitted to amend the allegations in the opposition to summary judgment.
28   ECF No. 40 at 3.  Due to plaintiff's status as an incarcerated pro se litigant, the Court will liberally

construe his filings and consider his allegations in the opposition regarding the legal injury of the delay in filing the opening brief. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly.").

It is disputed if defendant eavesdropped on the confidential video call. For purposes of summary judgment, the Court will view the evidence in the light most favorable to plaintiff and assume that defendant did eavesdrop. Plaintiff contends that he suffered mental anguish, and the eavesdropping delayed the filing of the opening brief in his criminal appeal. Defendant argues that even if there was eavesdropping and the Court considers plaintiff's allegation about the delay in the opening brief, defendant is still entitled to summary judgment because there was no actual injury to support a denial of access to the courts claim.

It is insufficient that plaintiff may have suffered mental anguish. To support a denial of access to the courts claim, there must be an actual injury that hindered his efforts to pursue a legal claim. It is undisputed that prior to this incident, plaintiff had requested thirty-two extensions to file the opening brief in his appeal and twelve extension requests were submitted after this incident. An extension was requested one month after the incident but contained no reference to the eavesdropping. The opening brief was eventually filed and accepted by the California Supreme Court and the appeal continues. There was no legal injury.

Defendant has met his burden in demonstrating the absence of a genuine issue of material fact. Plaintiff has failed to meet his burden to show that there is a genuine issue for trial. Plaintiff contends that it was difficult to communicate with his attorney after the incident. Mr. Snedeker also states that this incident delayed the filing of the opening brief, but he provides few details how this incident caused a significant delay, especially in light of the forty-four extension requests.

Even assuming plaintiff's allegations are true and that the filing of the brief was delayed but later accepted, these allegations fail to present an actual injury, such as the dismissal of his appeal or refusal to accept the opening brief. *See Jones*, 393 F.3d at 936. The mere delay in filing the appeal is insufficient to demonstrate an injury if the appeal was accepted by the court as it was

here.  *See Hudson*, 678 F.2d at 466.

Even if this one isolated incident was responsible for some of the later twelve extension requests, there was no injury and defendant is entitled to summary judgment.  *See Harris v. Gardner*, 471 F. App'x 634, 635 (9th Cir. 2012) (affirming dismissal on summary judgment of access-to-courts claim where plaintiff "failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the correctional officers not shutting the office door while he was talking to his attorney on the phone"); *Taylor v. Carbullido*, 2023 WL 5109783, at *3 (E.D. Cal. Aug. 9, 2023) ("[I]nmates have a First Amendment right to telephone calls, and to consult with an attorney in private.  However, a one-time denial of a private telephone conversation with an attorney an inmate is attempting to retain does not rise to the level of a violation of the First Amendment."), report and recommendation adopted in relevant part, 2023 WL 6387080 (E.D. Cal. Sept. 29, 2023); *Williams v. Navarro*, 2020 WL 6404087, at *8-10 (S.D. Cal. Nov. 2, 2020) (prison officials' denial for a 67-day period of inmate's requests to phone counsel did not violate right of access to courts because inmate failed to allege that the denial caused actual injury).

## IV. CONCLUSION

1. The motion for summary judgment (ECF No. 28) is GRANTED, and this case is DISMISSED with prejudice.

2. The Clerk is requested to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 17, 2025

Eumi K. Lee
United States District Judge